FULMER, Judge.
Barbara Bittner appeals her judgment and sentence for trafficking in hydroco-done. We reverse based on Hayes v. State, 750 So.2d 1 (Fla.1999).
Bittner was charged with trafficking in more than 14 grams and less than 28 grams of hydrocodone in violation of section 893.135(l)(c)l b, Florida Statutes (Supp.1996). The charge arose after she allegedly obtained fifty Lortab pills through a fraudulent prescription. The Lortab pills each contained 7.5 milligrams of hydrocodone and 500 milligrams of acetaminophen. Bittner filed a motion to dismiss the charges, arguing that the amount of hydrocodone contained in each pill was not sufficient to support the charges. The trial court denied the motion, and Bittner pleaded no contest, reserving the right to appeal the denial of her motion to dismiss.
In Hayes, the supreme court recently affirmed this court’s decision in State v. Perry, 716 So.2d 327 (Fla. 2d DCA 1998), and held that if the amount of hydrocodone possessed by a defendant is 15 milligrams or less per dosage unit, then the defendant possessed a Schedule III substance and could not be charged with the offense of trafficking under section 893.135(l)(c)l, Florida Statutes, which applies only to Schedule I and Schedule II substances. However, the defendant could be prosecuted for unauthorized possession of a Schedule III substance, a third degree felony, pursuant to section 893.13(l)(a)2, Florida Statutes (Supp.1996)..
Because the amount of hydrocodone per dosage unit in this case is less than 15 milligrams, the trial court should have granted Bittner’s motion to dismiss the trafficking charge. Therefore, we reverse Bittner’s conviction and sentence and remand for the trial court to grant the motion to dismiss.
Reversed and remanded with directions.
CAMPBELL, A.C.J., and ALTENBERND, J., Concur.